UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

WADE CHARLES DEVENEY,              )
                                   )
    Plaintiff              )
                                   )
v.                                 ) 2:10-cv-00356-JAW
                                   )
SCOTT STORY, et al.,               )
                                   )
    Defendants             )

## RECOMMENDED DECISION

On August 24, 2010, Wade Charles Deveney, then an inmate at the Two Bridges Regional Jail, brought a lawsuit against Scott Story, the Sheriff of Waldo County, and Mark Westrom, the administrator of the Two Bridges Regional Jail, alleging that both men knew that Deveney was required to take antipsychotic medications pursuant to a court order and that they denied him those medications. On September 1, 2010, this court learned that Deveney had been released from custody and was living in Monroe, Maine. Both defendants were duly served with a copy of Deveney's complaint and they have now moved to dismiss the complaint. Deveney has not responded to the motion to dismiss. I now recommend that the court grant the defendants' motion and dismiss this action with prejudice.

## Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." Pursuant to District of Maine Local Rule 7(b) Deveney's failure to file a written response to defendants' motion premised on Federal Rule of Civil Procedure 12(b)(6) means that he is deemed to have waived any objection to the motion. In this situation the court may grant the motion without further ado, as long as it does not offend equity to grant the unopposed motion to dismiss. See ITI Holdings, Inc. v. Odom,

468 F.3d 17, 19 (1st Cir.2006); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002). The United States Supreme Court's Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937 (2009) supplies the pleading standard for these allegations. In Iqbal the Supreme Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

**Discussion**

In support of his claims against Sheriff Story and Jail Administrator Westrum, Mr. Deveney offers the following allegation:

> Waldo Co. Sheriff ET AL, T.B.R.J. Administrator ET AL Have Both been told by Plaintiff, Courts and Attorneys and others that Plaintiff needs to be on specific medication as prescribed by previous doctors, psychiatrists and Judges. Both defendants have blatantly with extreme indifference to Plaintiff and in contempt of Courts denied Plaintiff needed medication.

(Compl. ¶ IV(R).) Other than repeating the legal terminology of "extreme [deliberate] indifference," Mr. Deveney does not allege any factual allegations about what Sheriff Story and Jail Administrator Westrum did to violate his constitutional rights or to discriminate against him.

As a preliminary matter, the Supreme Court has emphasized that "a supervisor's mere knowledge of his subordinate's discriminatory purpose" does not amount to a constitutional violation by the supervisor. Iqbal, 129 S.Ct. at 1949. Therefore, to the extent Mr. Deveney is

attempting to hold Sheriff Story and Jail Administrator Westrum liable for alleged actions of line officers or healthcare providers, his complaint cannot survive.

There are no *factual* allegations in the complaint that Sheriff Story and Jail Administrator Westrum engaged in any direct contact with Deveney.  According to Deveney he spent one day at the Waldo County Jail -- July 19, 2010 --  and during that time he apprised staff members of his medical and mental health issues.  (Compl. ¶ H.)   Although Deveney alleges in his introductory paragraph that both defendants knew of medication needs, his detailed factual recitation includes nothing about their personal knowledge or contact with Deveney.  His factual allegations pertaining to Westrum are equally sparse, except it is clear that he spent from July 20 until at least August 24, 2010, at the Two Bridges Regional Jail and he made numerous complaints about the medical care and medications he was receiving.  During his time at Two Bridges, based on Deveney's own allegations, he did receive some medication and contact with medical personnel.  He complains about the type of medication and the quality of medical care, but his allegations do not begin to suggest that Westrum was deliberately indifferent to his serious medical needs.

The standard Deveney would have to meet is set forth in two United States Supreme Court cases that frame the constitutional standard for a deliberate indifference claim: Estelle v. Gamble, 429 U.S. 97 (1976) and Farmer v. Brennan, 511 U.S. 825 (1994).  Estelle provided that the Eighth Amendment protection places upon the government an "obligation to provide medical care for those whom it is punishing by incarceration." 429 U.S. at 103.  The Court observed: "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." id.

In Farmer the Court directed its attention to articulating the standard a plaintiff must meet

to hold a prison official liable for Eighth Amendment claims of the type framed by Deveney. It identified two prongs. First, the deprivation alleged must be "objectively 'sufficiently serious.'" 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, under Farmer, the defendant must have a culpable state of mind, which means that the defendant was deliberate in his indifference to the inmate's health or safety. Id. If the course of treatment amounts, at the most, to no more than negligence or medical malpractice there is no constitutional violation. See Daniels v. Williams, 474 U.S. 327, 335-36 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence). A review of the materials submitted by Deveney reveals that his allegations against these two defendants fail to rise to the level of a claim of deliberate indifference.

**Conclusion**

Based upon the foregoing I recommend that the unopposed motion to dismiss be granted.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 30, 2010